IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TYWANA DEWINN GRANT, | § | |
| *Plaintiff,* | § § § | SA-20-CV-01221-JKP |
| vs. | § § | |
| ANDREW SAUL, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION; | § § § § | |
| *Defendant.* | § § | |

**ORDER DENYING MOTION TO APPOINT COUNSEL**

Before the Court in the above-styled cause of action is Plaintiff's Motion for Appointment of Counsel [#15]. This case has been referred to the undersigned under this Court's Standing Order governing cases seeking judicial review of decisions by the Social Security Administration. The undersigned therefore has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By her motion, Plaintiff asks the Court to appoint her counsel to assist her with the briefing in this case. The Court will deny the motion without prejudice to a future appointment at a later stage in the proceedings.

This Court has discretion to appoint counsel in a civil case, but there is no right to the appointment of counsel. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Under governing law, appointment of counsel in a civil case should be allowed only in exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86. In determining whether exceptional circumstances exist and whether the court in its discretion should appoint counsel in such a case, the following factors are relevant: (1) the type and complexity of the case; (2) whether the plaintiff is capable of adequately representing herself; (3) the plaintiff's ability to adequately

1

investigate and present her case; (4) the presence of evidence which consists largely of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination; and (5) the likelihood that appointment will benefit the plaintiff, the court, and the defendants by shortening the trial and assisting in a just determination. *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

The Court finds no exceptional circumstances to be present in this case. This is an appeal from an administrative decision denying Plaintiff's claim for disability benefits. The Government has filed an Answer and a copy of the administrative record. Plaintiff has successfully requested an extension of time to file her opening brief. Plaintiff's brief is now due on or before September 3, 2021. Plaintiff need only set forth the basis for her appeal and the reasons she believes the administrative law judge erred in finding her not disabled in her opening brief. The Court finds Plaintiff is able to adequately communicate with the court and to represent herself at this stage of the proceedings. If the Government's responsive brief raises any complex issues that Plaintiff finds difficult to address in a reply brief, she may again move for the appointment of counsel and set forth the reasons she believes an appointment to be necessary.

**IT IS THEREFORE ORDERED** that action is Plaintiff's Motion for Appointment of Counsel [#15] is **DENIED**.

SIGNED this 16th day of August, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE