UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**TYWANA DEWINN GRANT,**

  *Plaintiff*,

v.                                                 Case No.  SA-20-CV-01221-JKP

**KILOLO KIJAKAZI,**

  *Defendant*.

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

      Before the Court is Magistrate Judge Elizabeth S. Chestney's Report and Recommendation addressing Plaintiff Tywanna Dewinn Grants's appeal of the administrative denial of her application for Disability Insurance Benefits under Title II of the Social Security Act ("SSA"). *ECF No. 25*. Magistrate Judge Chestney concluded substantial evidence supports the Commissioner's decision finding Tywana DeWinn Grant to be not disabled and concluded no reversible legal error was committed during the administrative proceedings. *Id*. Judge Chestney, therefore, recommends this Court affirm the Commissioner's decision finding Grant not disabled. *Id*. No party filed objections to the Report and Recommendation.

      In the interest of caution, the Court held a status hearing on September 20, 2022, to verify whether Grant received Magistrate Judge Chestney's Report and Recommendation. Grant represented to the Court at this status hearing that she did not receive the Report and Recommendation, and she would like to file objections. Grant provided the Court with her current address and

contact information. The Court instructed Grant at the hearing that any objections must be filed within 14 days of her receipt of the Report and Recommendation.

The Court emailed the Report and Recommendation to Grant on that date, and she confirmed her receipt through email. Grant did not file objections to Magistrate Judge Chestney's Report and Recommendation before the deadline of October 4, 2022. Grant filed objections to Magistrate Judge Chestney's Report and Recommendation on October 6, 2022; however, she did attach to her objections a statement certifying that "on October 4, 2022, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing. . . ." *ECF No. 32*.

The Court will deem Grant's objections to the Report and Recommendation to be timely filed. For the following reasons, the Court **ACCEPTS and ADOPTS** Magistrate Judge Chestney's Report and Recommendation that this Court affirm the Commissioner's decision finding Grant to be not disabled.

**Legal Standard**

When a party timely objects to a Report and Recommendation this Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). In conducting a *de novo* review, the Court will examine the record pertinent to the objections and must conduct its own analysis of the applicable facts and make an independent assessment of the law. *Id.*; *Johnson v. Sw. Research Inst.*, 210 F. Supp.3d 863, 864 (W.D. Tex. 2016). The Court will not conduct a *de novo* review pertaining to any objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987); *Johnson v. Sw. Research Inst.*, 210 F. Supp.3d at

864. A party's objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections. *Id*. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in the Magistrate Judge's Report and Recommendation shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The Court will review those portions of the Report and Recommendation that are not objected to for determination whether the conclusions are clearly erroneous or contrary to law.[1] 28 U.S.C. § 636(b)(1)(C); *Douglass v. United Services Auto. Ass'n*, 79 F.3d at 1429.

Consistent with § 636(b)(1) and Federal Rule 72(a), the Court reviews the record pertinent to Grant's objections to Magistrate Judge Elizabeth S. Chestney's Report and Recommendation.

**Review**

In the interest of caution, the Court reviewed Grant's untimely objections as if they were timely filed. However, Grant does not provide the Court with specific objections to Magistrate Judge Chestney's Report and Recommendation which identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections *See ECF. No. 32; see also Battle*, 834 F.2d at 421. Instead, Grant provides briefing regarding the underlying substantive and procedural facts of the administrative proceedings and presents arguments as to how the Administrative Law Judge's determination was incorrect. *ECF. No. 32*. Grant reiter-

---

[1] While Federal Rule 72(b) does not facially require any review in the absence of a specific objection, the advisory committee notes following its adoption in 1983 state: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Further, failure to object shall also bar appellate review of those portions of the Magistrate Judge's Report and Recommendation that were ultimately accepted by the district court, unless the party demonstrates plain error. *Thomas v. Arn*, 474 U.S. at 150–53; *United States v. Wilson*, 864 F.2d at 1221.

ates the arguments presented to Magistrate Judge Chestney and concludes she "established substantial evidence and the Commissioner's should find Plaintiff disabled." *Id. at p. 23*.

Grant's failure to file specific objections to the proposed findings, conclusions and recommendations contained in Magistrate Judge Chestney's Report and Recommendation bars this Court's *de novo* review. *See Thomas v. Arn*, 474 U.S. at 149–52; F.3d at 340; *Battle*, 834 F.2d at 421. Because Grant did not specifically object to the Report and Recommendation, the Court must proceed as if there are no objections to the Report and Recommendation and determine whether the conclusions are clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(C); *United States v. Wilson,* 864 F.2d at 1221.

Consistent with the deadline and review requirements established in 28 U.S.C. § 636(b)(1)(C) and Federal Rule 72(b)(2), this Court reviewed Magistrate Judge Chestney's Report and Recommendation for clear error on the face of the record. Although Grant presents no objections, in any event, this Court finds no such clear error or incorrect application of law, that is, "the proposed findings and conclusions are entirely correct." *See Douglass v. United Services Auto. Ass'n*, 79 F.3d at 1429. Accordingly, the Court **ACCEPTS** Magistrate Judge Chestney's findings and recommendation and **ADOPTS** the Report and Recommendation. As recommended, this Court **AFFIRMS** the Commissioner's decision finding Grant to be not disabled.

It is so ORDERED.
SIGNED this 13th day of October, 2022.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE